UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BUNTHOEUN PEREZ,<br><br>      Plaintiff,<br><br>v.<br><br>SHUCKS MAINE LOBSTER LLC, et als.,<br><br>      Defendant. | CIVIL ACTION<br>Docket No: 15-cv-00348-JAW |

## OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND PROVISION OF NOTICE UNDER 29 U.S.C. §216(b)

  Defendants Shucks Maine Lobster LLC ("Shucks Maine Lobster") and John Hathaway ("Hathaway") (collectively, "Defendants") hereby oppose Plaintiff Buntheoun Perez's Motion for Conditional Certification and Provision of Notice Under 29 U.S.C. §216(b). To the extent they are timely, Perez's overtime claims arise out of a three-week period of employment in 2015, when she was employed directly by Ideal Global Solutions, an agency with which Shucks Maine Lobster contracted for a brief period of time. Perez is the sole named plaintiff, and she has failed to locate a single other individual interested in participating in this putative collective action. Under the circumstances, her Motion should be denied.

### INTRODUCTION

  Shucks Maine Lobster operates a seafood processing facility in Richmond, Maine, where it prepares raw and cooked lobster products that it sells to supermarkets, restaurants, and the food service industry generally. Shucks Maine Lobster has contracted with a variety of different agencies over the years both to execute and to oversee production of its cooked lobster products. The plaintiff, Bunthoeun Perez ("Plaintiff" or "Perez") allegedly worked for two such agencies picking cooked lobster at the Richmond facility for a period in 2012, and for approximately three

{W5509209.1}

weeks in 2015.  Perez contends, among other things, that she and other cooked lobster pickers working at the facility were not paid overtime for hours worked over forty in a workweek, as required under the federal Fair Labor Standards Act.

When this lawsuit began, Shucks Maine Lobster and Hathaway were two of six total defendants, which included two agencies with which Shucks Maine Lobster has contracted in the past (Ideal Global Solutions ("IGS") and Casco Temp Agency LLC ("Casco")), and their alleged principals (Senghap Rouen ("Rouen") and Solang Ung ("Ung"), respectively).  Class and Collective Action Complaint, ECF Doc. No. 1, ¶¶ 1.  Perez has dismissed or obtained default judgments against these other defendants, however, leaving only Shucks Maine Lobster and Hathaway, neither of which ever issued Perez a paycheck.[1]  Notice of Dismissal Without Prejudice, ECF Doc. No. 20 (Ung); Order Granting Motion for Entry of Default, ECF Doc. No. 23 (Rouen and IGS); Order Defaulting Defendant Casco Temp Agency LLC, ECF Doc. No. 34.

While the list of defendants has grown smaller, one might have expected the list of named plaintiffs to grow, because Perez alleges that all cooked lobster pickers at the Richmond facility have common overtime claims, and purports to bring her claim on a collective basis.  Yet after several months of discovery, Perez remains the only plaintiff; and she has not identified a single other worker interested in joining the lawsuit.  With no evidence that anyone other than Perez is inclined to assert federal overtime claims against Defendants, this lawsuit is plainly inappropriate for conditional certification as a collective action.

---

[1] Perez's claim against Defendants is premised on joint employment.  Specifically, Perez contends that Defendants, together with the various agencies, jointly employed the lobster pickers.  (Motion at 3-4.) Defendants deny that the facts of this case trigger joint employment under relevant First Circuit precedent.  *Baystate Atl. Staffing v. Herman*, 163 F.3d 668 (1st Cir. 1998).  They acknowledge, however, that resolution of this issue is appropriate in the context of a Rule 56 motion, and not this Motion for Conditional Certification.  *E.g. Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 239 (D. Me. 2011).

## APPLICABLE STANDARDS

Under the FLSA, "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). An action alleging violations of the FLSA "does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." *Levecque v. Argo Marketing Group, Inc.*, 2015 WL 3672647, at *7 (D. Me. Jun. 12, 2015) quoting *Prescott v. Prudential Ins. Co.*, 729 F. Supp.2d 359, 362 (D. Me. 2010)(internal quotation omitted). Another threshold to proceeding collectively is that the court must certify opt-in plaintiffs "are in fact 'similarly situated' and that the collective action is procedurally manageable and fair." *Id.*

Certification of a collective action under the FLSA is generally a two-stage process. *Id.* First, relying on pleadings and submitted affidavits, the court decides whether notice should be given to potential class members. At this first stage, which typically occurs early in the case after limited, if any, discovery, the plaintiff must present "a modest factual showing that [she] and other employees, with similar but not necessarily identical jobs, suffered from a common unlawful policy or plan." *Id.* Although the standard is "fairly lenient," *Prescott*, 729 F. Supp.2d at 364, the plaintiff must present more than mere allegations; *i.e.* some evidence to support the allegations is required. *Levecque*, 2015 WL 3672648 at *7 *quoting Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp.2d 870, 892 (N.D. Iowa 2008). If the court grants conditional class certification, discovery proceeds. At the conclusion of discovery, the employer may file a motion to decertify the collective action, which triggers a more rigorous analysis, with the Court making "a factual determination as to whether there are similarly-situated employees who have opted in." *Prescott*, 729 F. Supp.2d at 364 (internal quotation omitted).

At issue here is Plaintiff's motion for conditional certification, which she filed after several months of preliminary discovery, primarily focused on issues directly relevant to this Motion.  Report of Hearing and Order Re: Scheduling and Status, ECF Doc. No. 32, adopting parties' joint proposed scheduling order (ECF Doc. No. 29).  Accordingly, Plaintiff has "'the burden of showing a reasonable basis for [her] claim that there are other similarly situated employees.'"  *Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 234 (D. Me. 2011) *quoting Prescott*, 729 F. Supp.2d at 364.  To meet her burden, Plaintiff must produce some evidence that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Levecque*, 2015 WL 3672647, at *7 *quoting Johnson*, 802 F. Supp.2d at 234 (internal quotations omitted).

## SUMMARY OF EVIDENCE

In support of her motion, Perez has submitted a single declaration: her own.  In it, she explains that she worked at the Richmond facility for three months beginning in May 2012, and for several weeks in 2015.  Declaration of Bunthoeun Perez ("Perez. Decl."), ECF Doc. No. 41-1, ¶ 3.  During her first stint of employment, Perez allegedly worked for SoLang Ung, one of the individuals alleged to operate an agency that contracted with Shucks Maine Lobster.  *Id.*; First Amended Comp. ("Am. Comp."), ECF Doc. No. 40, ¶ 35.  During her second stint of employment, Perez allegedly worked three weeks for IGS, another agency, and one day for Mr. Ung.  Perez Decl. ¶4; Am Comp. ¶ 39.

Perez asserts that she was paid on a piece rate basis, based on the weight of the lobster she picked.  Perez Decl. ¶ 7.  She asserts "other pickers" were also paid solely according to the weight of the lobster they shucked and did not receive overtime pay, facts she knows because she spoke with them during work hours and breaks.  *Id.* ¶ 10.  She goes on to state that she "and the

other pickers" would "sometimes" arrive at work before the lobster was ready to be picked, and would "often" be required to wait between 15 and 20 minutes after arriving at work and before shucking lobsters. *Id.* ¶ 11. Perez further states that, each time they entered the room where they shucked lobster, all pickers were required to pass through a "clean room," where they washed tools and/or put on clothing and protective gear, a process she estimates took between 5 and 10 minutes. *Id.* ¶¶ 12-13. Perez claims that she was at the facility between 8 and 9 hours per day, 6 days per week. *Id.* ¶ 14. She says nothing about whether other cooked lobster pickers worked similar hours.

Perez submits that she has spoken with other pickers about joining the lawsuit, but "[t]hey have not been willing to pursue their claims yet because they're afraid they will be fired or otherwise punished." *Id.* ¶ 15. It is not clear from Perez's declaration whether these other pickers told her they feared retaliation, or whether she has surmised as much. At any rate, Perez does not allege that Defendants or any agency has threatened workers or otherwise discouraged them from joining the lawsuit.

## ARGUMENT

Although the standard at this juncture is relatively lenient, Perez must convince the Court not only that similarly situated individuals exist, but also that at least some of them are actually ready to participate in this lawsuit. *Levecque*, 2015 WL 3672647, at *7 *quoting Johnson*, 802 F. Supp.2d at 234 (internal quotations omitted). To date, no other workers have opted in; and Perez represents in her declaration that those with whom she has spoken have actually been disinclined to assert claims. If conditional certification is appropriate here, a case with one named plaintiff and no evidence of broader interest, then preliminary certification is effectively "automatic." *See Parker v. Rowland Express, Inc.*, 492 F. Supp.2d 1159, 1165 (D. Minn. 2007). Conditional certification would apparently serve no purpose in this case, and Perez's Motion should therefore

be denied.  Moreover, the Court should deny Perez's request to extend the applicable statute of limitations, as she has failed to identify any legally sufficient justification for equitable tolling.

> **I.    The motion should be denied because Plaintiff has offered no evidence that similarly situated workers wish to opt into the lawsuit.**

Citing authority from the Eleventh Circuit Court of Appeals and numerous other district courts, this Court has held that, to prevail on a motion for conditional certification, the plaintiff(s) must actually identify individuals who are inclined to opt in.  *Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 237 (D. Me. 2011).  In imposing this requirement, the Court acknowledged the "potential . . . 'chicken and egg' problem" inherent in requiring a plaintiff "who does not know the identities of the members of the proposed class to provide information about class members' desire to opt-in . . . ."  *Id. quoting Detho v. Bilal*, Civil Action No. H-07-2160, 2008 WL 2962821, at *3 (S.D. Tex. Jul. 29, 2008).  It concluded, however, that such concerns generally can be alleviated by preliminary discovery, along with the applicable, relatively light, burden.  *Id.*

Here, the parties agreed to preliminary discovery geared toward the identification and situation of other workers, and Perez took such discovery, subpoenaing a substantial volume of agency payroll records and deposing Shucks Maine Lobster LLC.  Perez has not argued the preliminary discovery period was in some way inadequate; and she has not enlisted the Court's help in identifying the workers alongside whom she claims to have worked.  Indeed, while Perez's personal belief would not suffice, she has not even testified that she *believes* others will opt in if given notice.  *See Johnson*, 802 F. Supp.2d at 237-38 (evidence that other individuals were dissatisfied held insufficient to demonstrate interest in joining the suit); *O'Donnell v. Robert Half Intern., Inc.*, 429 F. Supp.2d 246, 250-51 (D. Mass. 2006) (evidence that the plaintiffs believed others would be interested in participating in the suit held insufficient).

To the contrary, Perez concedes she has spoken with "other pickers" and that they "have not been willing to pursue their claims . . . ." Plaintiff's Decl. ¶ 15.

Without directly acknowledging the requirement that she identify others inclined to opt-in, Perez suggests Defendants' relationships with agencies has created a "buffer between them and the potential class members," which has somehow made it difficult for her to identify potential class members. Motion for Cond. Cert. at 7. Specifically, Perez argues that this "buffer" "has ensured both that the potential class members are dispersed across multiple [agencies] and that the named Plaintiff may not have personal access to a significant number of potential class members." (*Id.*) Plaintiff's dispersion argument is contrary to allegations in her First Amended Complaint, where she contends that the various agencies employed the same core group of workers. Am. Comp. ¶ 38 ("[IGS] maintained much of the staff that had worked at Defendant Shucks Maine's seafood processing facility when Mr. Ung held the staffing contract with Defendants Shucks Maine.") & ¶ 41 ("Upon resuming the contract with Mr. Ung substantially all of the employees continued their work at the Shucks Maine facility that he had employed under the [IGS] contract and before.") Moreover, there is no logical connection between Defendants' decision to contract out cooked lobster production and oversight of the cooked operation on the one hand, and Perez's ability to identify and contact (or "access") potential class members in the course of discovery on the other.

As explained above, Perez had ample opportunity for discovery relating to the identity of the various agencies and their workers. Moreover, she acknowledges having worked alongside a group of pickers, and contends that substantially all of them continued to work at the Richmond facility after her termination by Mr. Ung. Perez Decl. ¶¶ 8-10; Am. Comp. ¶ 41. Perez also acknowledges having actually spoken with other pickers about joining this lawsuit. Perez Decl.

¶ 15. The foregoing belies her suggestion that, by virtue of Defendants' contractual relationships with agencies, she was somehow unable to communicate with potential class members.

Perez also suggests the Court consider that the potential class members are immigrants, without "knowledge and sophistication concerning labor and employment law," and therefore with concerns about retaliation. Perez Decl. ¶ 16; Motion for Cond. Cert. at 7. She does not contend Defendants or the workers' employers (*i.e.* the agencies) have taken any actions or made any statements to threaten potential class members or otherwise to discourage them from participating, however; and fear of retaliation is hardly a concern unique to immigrant workers. Indeed, many courts have emphasized the benefits of so-called hybrid class actions—which implicate both the FLSA's opt-in procedure and Rule 23's opt-out procedure—on the ground that aggrieved potential class members afraid to take steps to join the collective action can still obtain relief by failing to take steps to opt out of the Rule 23 class. *Doyon v. Rite Aid Corp.*, 279 F.R.D. 43 (D. Me. 2011) *citing Sharhriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 244 (2d Cir. 2011)("[A]n employee fearful of retaliation . . . may choose not to assert his or her FLSA right."); *Dammassia v. Duane Reade, Inc.*, 250 F.R.D. 142, 163 (S.D.N.Y. 2008) ("[I]t may be that in the wage claim context, the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action, insofar as many employees will be reluctant to participate in the action due to fears of retaliation.")(citation and internal quotation marks omitted).

In sum, Perez had an adequate opportunity to identify potential class members. Not only has she failed to identify any such individuals, she has offered evidence that each of the pickers with whom she spoke about the lawsuit indicated he or she is unwilling to participate. With only one named plaintiff and no evidence of any other individual interested in joining, this case is inappropriate for conditional certification and the Court should therefore deny Plaintiff's motion.

## II. Plaintiff has failed to identify extraordinary circumstances that would justify equitable tolling of her overtime claim.

Violations of the FLSA are subject to a two year statute of limitations, except in cases involving willful violations, in which case a three year limitations period applies. 29 U.S.C. §255(a). Perez's first stint of employment as a picker was allegedly in May 2012, more than three years before she initiated this action. Perez urges the Court to apply the doctrine of equitable tolling, however, to render timely her claim (and the claims of similarly situated employees) premised on violations allegedly occurring in May 2012. Motion Cond. Cert., at 6. She advances Defendants' alleged failure to post notice of the FLSA's minimum wage provisions in the Richmond facility, as required by 29 C.F.R. § 516.4, as a basis for equitable tolling. *Id.*

The First Circuit Court of Appeals has strictly construed the circumstances in which equitable tolling is appropriate, urging courts to "employ equitable tolling sparingly," *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999), and describing equitable tolling as "the exception rather than the rule," justified "only in extraordinary circumstances." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). Equitable tolling is not appropriately used as a "means of rescuing a party who has failed to exercise due diligence." *Guerrero-Santana v. Gonzales*, 499 F.3d 90, 94 (1st Cir. 2007). To the contrary, it extends the limitations period only "if a plaintiff exercising reasonable diligence could not have discovered information essential to the suit." *Bernier v. Upjohn Co.*, 144 F.3d 178, 180 (1st Cir. 1998).

Perez does not disclaim notice or awareness of her rights prior to May 2012; nor does she explain how, despite the exercise of reasonable diligence, she was unable to discover information essential to her claims. She merely contends that she "never saw any poster describing [her] right to minimum wage under either Federal or Maine law" at the Richmond facility, and states

that "in [her] experience, none of [her] former coworkers knew of their overtime rights . . . ." Perez Decl. ¶¶5, 16.

Although the FLSA regulations require posting, they do not identify equitable tolling as a possible sanction for non-compliance.  29 C.F.R. §516.4.  Moreover, a number of courts have held an employer's failure to post a notice of worker's rights to be insufficiently extraordinary to justify equitable tolling.  *E.g. Archer v. Sullivan County, Tenn.*, 129 F.3d 1263 (6th Cir. 1997); *Gunawan v. Sake Sushi Rest.*, 2011 WL 3841420, at *3 (E.D.N.Y. Aug. 26, 2011)(citing cases).  *See also Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527 (11th Cir. 1983)(holding failure to post EEOC notice did not warrant equitable tolling of age discrimination claim, and noting that the approved notice "did not even mention the two year statute of limitations").

Whether or not Defendants complied with the posting regulation, the statute itself gave Perez constructive notice of her rights, and Perez has failed to allege, let alone demonstrate, that she was unable, despite reasonable diligence, to assert her claim within the applicable limitations period.  *See Archer*, 129 F.3d at 1267.  The Court should therefore deny Perez's request for equitable tolling and apply the statutory limitations period to her claims.

Dated:  May 19, 2016

/s/ Katharine I. Rand
Katharine I. Rand

/s/ James R. Erwin
James R. Erwin

Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
(207) 791-1100
krand@pierceatwood.com
jerwin@pierceatwood.com

*Counsel for Defendants
John Hathaway and Shucks Maine Lobster LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, I served a copy of Opposition to Plaintiff's Motion for Conditional Certification and Provision of Notice Under 29 U.S.C. §216(b) with the Clerk of Court using the CM/ECF System, which will send notification of such filing(s) to the following:

Andrew Schmidt, Esquire
Peter Mancuso, Esquire
Andrew Schmidt Law, PLLC
97 India Street
Portland, ME 04101
andy@maineworkerjustice.com

Dated: May 19, 2016                  /s/ Katharine I. Rand
                                     Katharine I. Rand

                                     Pierce Atwood LLP
                                     Merrill's Wharf
                                     254 Commercial Street
                                     Portland, ME  04101
                                     (207) 791-1100
                                     krand@pierceatwood.com

                                     *Counsel for Defendants*
                                     *John Hathaway and*
                                     *Shucks Maine Lobster LLC*